# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| TASKUS, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CATHERINE ERUM & JOHN DOE,<br><br>　　　　Defendants. | Case No.  5:20-cv-843 |

## COMPLAINT

Plaintiff TaskUs, Inc. ("Plaintiff" or "TaskUs"), by and through its undersigned counsel, files the following Complaint against Catherine Erum and John Doe (collectively, "Defendants"). In support thereof, TaskUs states as follows:

### I. BACKGROUND ALLEGATIONS

1. TaskUs is engaged in the business of providing new-age outsourcing by delivering deep expertise in cloud-based digital customer services (the "Outsourced Services").

2. For some of its United States ("US") based customers, TaskUs enters into agreements with its Philippine subsidiary for the latter to provide the Outsourced Services to these customers. In such instances, TaskUs allows employees of its Philippine subsidiary limited access to its confidential and sensitive personal identifying information ("PII") to enable them to render the required Outsourced Services.

3. On 25 November 2016, TaskUs's Philippines subsidiary hired Catherine Erum ("Erum") to work at its location in Manilla, Philippines.

4. Erum was specifically tasked to render Outsourced Services for the US based customers of TaskUs, and for this purpose, she was entrusted with PII from TaskUs.

5. Notably, Erum was obligated to keep confidential the PII as she was prohibited from disclosing the PII to third parties and from using this for purposes other than to render the required Outsourced Services.

6. At some point, Erum formed a relationship with John Doe[1] who was not a TaskUs employee or of its Philippine subsidiary.

7. In violation of her obligation on confidentiality, Erum passed on PII from TaskUs to John Doe. The PII included names of clients of the US-based customers of TaskUs and details of their bank accounts.

8. John Doe used the PII to continuously and repeatedly blackmail TaskUs customers by threatening to expose the client identities and their bank account details if the customers did not give him money.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction over this action under 28 U.S.C. § 1331 because TaskUs is bringing a claim under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961 *et seq.*

10. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is the subject of the action is situated in this venue.

## III. THE PARTIES

**A.     Plaintiff**

11. TaskUs is a Delaware corporation with principal office at 3221 Donald Douglas Loop, S. STE C, Sta. Monica, CA 90405.

---

[1] TaskUs is trying to ascertain the identity of John Doe.

### B.  Defendants

12. Defendant Catherine Erum is a resident of the Philippines and, upon information and belief, currently resides in Manilla, Philippines.

13. Defendant John Doe is a resident of the Philippines and, upon information and belief, currently resides somewhere in Metro Manilla, Philippines.

### COUNT I

### ALL DEFENDANTS
### (RICO Enterprise)

14. All preceding paragraphs of this Complaint are fully incorporated herein by reference.

15. Defendants are members of an "enterprise," as defined at 18 U.S.C. § 1961(4) that "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."

16. The enterprise shares a common purpose to obtain PII and property through unlawful means.

17. The enterprise is engaged in, or the activities of which affect, interstate or foreign commerce including using email to carryout blackmail and steal PII of individuals living in the United States through their actions in the Philippines.

18. The racketeering activity, as defined at 18 U.S.C. § 1961(1)(B), includes blackmail, indictable under 18 U.S.C. § 873, and wire fraud indictable under 18 U.S.C. § 1343 committed by the Defendants for themselves and for each other.

19. The acts in this pattern of racketeering activity are related with the same or similar purpose, results, participants, victims or methods of commission.

20. This enterprise and its pattern of racketeering activity are continuous and ongoing. The acts in the pattern are not isolated. The enterprise and its pattern amount to a long-term scheme with a threat of continuous open-ended racketeering activity extending indefinitely into the future.

21. Defendants agreed and conspired to violate subsection (c) at 18 U.S.C. § 1962(c), as prohibited by 18 U.S.C. § 1962(d). Defendants participated in the conspiracy with knowledge of the essence or essential nature of the plan and knowingly facilitated the activities of the scheme to blackmail and commit wire fraud.

22. As a direct, proximate, intended, and foreseeable result of the Defendants' violations of RICO, TaskUs suffered identifiable and distinct damages to its business or property interests.

## **PRAYER FOR RELIEF**

WHEREFORE, TaskUs requests relief as follows:

A. For entry of judgment in favor of TaskUs and against Defendants;

B. For an award of monetary damages, costs, and attorneys' fees;

C. For such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated this 20th day of July, 2020. | */s/ Harold D. Jones* |
| | Harold D. Jones |
| | Texas Bar No. 10894020 |
| | hdjones@littler.com |
| | Sean M. McCrory |
| | Texas Bar No. 24078963 |
| | smccrory@littler.com |
| | |
| | LITTLER MENDELSON, P.C. |
| | 2001 Ross Avenue |
| | Suite 1500, Lock Box 116 |
| | Dallas, TX 75201-2931 |
| | 214.880.8100 |
| | 214.880.0181 (Facsimile) |
| | *Attorneys for Plaintiff* |

4816-9245-5105.3